# Addison County.

Underhill
vs
Smith.

UNDERHILL, *ex dem.*

UNDERHILL

*vs.*

SMITH.

*Ejectment for lands in Addison.*

The defendant's counsel conceded the title to be in the lessor of the plaintiff, unless the defendant had a good title. The defendant claimed under a deed from P., collector of a proprietor's tax in Addison. The tax was regularly voted. P. was appointed collector, and published a notification of the tax, January 1st, 1784, in Bennington paper only. The law requiring all such notifications to be published both in Bennington and Windsor papers, was passed in October, 1783. An advertisement was regularly published, notifying the sale to be on Monday, the first day of September, 1784.

*Defendant derives his title from a proprietor's collector.*

*Advertisement published in but one newspaper.*

*The law requires it should be published in two, Bennington and Windsor.*

In this case the Chief Justice observed to the Jury: A proprietor's collector acts solely by virtue of a power given by statute. He has merely a naked power to sell the lands of those proprietors, who are delinquent in the payment of the tax. He has no interest in the land. It is necessary, therefore, by the rules of law, that he should pursue his power strictly, however difficult. He must perform all pre-requisites, which stand as conditions precedent to his right of selling, such as giving all previous notices required, and in the precise manner required by law. Otherwise the

*Charge to the Jury.*

*Collector has a naked power to sell, but no interest in the land.*

*Must pursue his power strictly and give all previous notice required by law.*

*Otherwise his sales are void.*

landowner cannot be considered as delinquent, and shall not forfeit his right. The legal consequence of a deviation by a collector, from the line of proceeding pointed out by statute, is to invalidate his sales, if made, and he shall be answerable to his vendee.

The Jury found for the plaintiff, and approved by all the Judges.